# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,  :  Case No. 3:15-cr-040

                District Judge Walter Herbert Rice
- vs -               Magistrate Judge Michael R. Merz

SEAN A. OLIVER,

        Defendant.  :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant Oliver's filing of a Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 41)[1]. As with all collateral attacks on criminal judgments filed at the Dayton location of court, the Motion has been automatically referred to the undersigned, pursuant to the Court's General Order of Assignment and Reference.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

---

[1] Oliver repeatedly refers to his Motion as a "2255 sine die." No suc pleading is recognized at federal law.

> response within a fixed time, or take other action the judge may
> order.

**Procedural History**

Sean Oliver was arrested on a warrant issued for his arrest by the Honorable Michael J. Newman, United States Magistrate Judge, on a Complaint (ECF Nos. 3, 4, 5). Upon initial appearance before Judge Newman, he was detained without bond, a status continued after hearing (ECF Nos. 9, 10).

The grand jury indicted Oliver April 14, 2015, charging him in Count 1 with possession of heroin with intent to distribute in excess of 100 grams, in Count 2 with possession of cocaine base in excess of twenty-eight grams with intent to distribute, in Count 4 with possession of marijuana with intent to distribute, and in Count 4 with possession of two firearms in furtherance of a drug trafficking crime (ECF No. 15, PageID 34-35). Each Count alleged that the offenses had occurred in the Southern District of Ohio. *Id.* On the same day, the case was assigned to the Honorable Walter Herbert Rice, United States District Judge. From early in the case, Oliver was represented by retained counsel, attorney Jeffrey Slyman (ECF No. 10).

On December 28, 2015, Oliver entered into a Plea Agreement with the United States under which he would plead guilty to Counts 1 and 4 in return for dismissal of Counts 2 and 3 (ECF No. 30). Judge Newman conducted a plea colloquy and recommended to Judge Rice that the Plea Agreement be accepted (ECF Nos. 31, 32). Neither party objected to Judge Newman's Report and Recommendations and it was accepted (ECF No. 35). On June 24, 2016, Judge Rice sentenced Oliver to thirty-six months imprisonment on Count 1 and sixty months on Count 4, to

be served consecutively. Oliver took no appeal, but filed the instant § 2255 Motion June 20, 2017.

# Analysis

Oliver's Motion is confusingly complex. He uses spaces on the § 2255 form designed to elicit other information to make instead broad statements of discontent with the criminal justice system. This Report will deal with some of those general statements first before addressing the parts of the document actually labeled Grounds for Relief.

At various points Oliver speaks about or purports to address various "Adm/Law Judges." Whatever that is supposed to mean, the United States District Court for the Southern District of Ohio is a federal district court created under Article III of the Constitution, not an administrative law tribunal. It is served by District Judges appointed by the President for life and Magistrate Judge appointed for terms of years to assist the District Judges and subject to their supervision. No administrative law judges have been involved in this case.

Oliver speaks at various points about how the Ohio Governor has not "extradited" him to the federal system. No such process is necessary because Oliver's crimes were violations of federal law committed within the territorial jurisdiction of this Court.

At various points Oliver speaks of himself as being a "non-register/license/citizen. Whatever that means, it has no bearing on this case. No person is licensed or registered to distribute heroin or cocaine base or marijuana in this judicial district.

This Court's exercise of subject matter jurisdiction over Oliver in the prosecution of crimes under Title 21 of the United States Code has nothing to do with the War Powers Act.

**Ground One**

In his First Ground for Relief, Oliver claims that the United States needs to produce evidence in this case and explain what happened to him after tax money was spent on having a trash pull done on his property. On the contrary, the United States need not produce any evidence at all at this stage of the proceedings. Oliver waived the right to compel the Government to produce evidence when he pled guilty.

**Ground Two**

In Ground Two Mr. Oliver claims this Court erred in some unexplained way by not looking at State law. This si followed by unintelligible complaints about internal revenue violations and tax stamps. None of this has anything to do with showing Oliver's conviction is unconstitutional, which is the sole issue the Court can consider on a § 2255 motion.

**Ground Three**

Oliver complains in Ground Three that some other judge of this Court has mentioned in another case that "defendant was a part of a drug war." What some other judge said in some other case has nothing to do with whether Oliver/s conviction is unconstitutional. As noted above, the War Powers act has nothing to do with this case.

**Ground Four**

In his Fourth Ground for Relief, Oliver claims he received ineffective assistance of trial counsel. While in general such claims are cognizable in habeas corpus, Oliver makes no cognizable claim about his own lawyer. Instead he complains generally that "what the Adm/Law Judges & USA's [United States Attorneys] and AUSA's [Assistant United States Attorneys] has been relying on to deny 100's if not Millions of pro se prisoners' claims constitutes a crime under the State of Ohio's Revised Codes and the Federal Courts has [sic] allow [sic] defense counselors to overlook the rules of defense that allows prosecutors to get away with "fraud upon the Court" . . . This claim says nothing about any ineffective assistance of trial counsel affecting Mr, Oliver.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be DISMISSEDWITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 28, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).