# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

               Plaintiff,   :   Case No. 3:15-cr-040

                                     District Judge Walter Herbert Rice
  - vs -                          Magistrate Judge Michael R. Merz

SEAN A. OLIVER,

              Defendant.   :

## REPORT AND RECOMMENDATIONS ON POST-JUDGMENT SECOND REQUEST FOR EXTENSION OF TIME

      Defendant Sean Oliver filed a Motion to Vacate under 28 U.S.C. § 2255 on June 29, 2017 (ECF No. 41). Upon initial review under Rule 4 of the Rules Governing § 2255 Proceedings, the Magistrate Judge recommended the § 2255 Motion be dismissed with prejudice (Report and Recommendations, ECF No. 42). Oliver never filed any objections, although notified of his obligation to do so. Instead he filed a document labeled "Motion for Extension of Time (ECF No. 43), but which in fact gave no good cause for an extension and instead demanded that District Judge Rice and Magistrate Judge Merz produce evidence that they are bonded. *Id.* at PageID 155. The Magistrate Judge denied the Motion because "Oliver is not entitled to that relief," to wit, bonding papers for federal judges.

1

Because Oliver had filed no objections, Judge Rice adopted the Report, dismissed the § 2255 Motion with prejudice, denied Oliver a certificate of appealability, and certified any appeal would be objectively frivolous (Decision and Entry, ECF No. 45).

The instant Motion, being filed post-judgment, is deemed referred to the Magistrate Judge for recommended disposition. Fed. R. Civ. P. 72(b)(3). In the Motion, Oliver complains that a Magistrate Judge is not authorized to enter final judgment. That is certainly true, but the undersigned did not enter judgment on the § 2255 Motion. Instead, Judge Rice entered judgment after accepting a recommendation from the Magistrate Judge about what the judgment should be. Magistrate Judges most assuredly do have the authority to recommend disposition of prisoner petitions. 28 U.S.C. § 636(b)(2)(B).

Oliver accuses the Magistrate Judge of ignoring *Brown v. United States,* 748 F. 3d 1045 (11th Cir. 2014). There the appellate court held that a § 2255 proceeding is not a civil matter on which a United States Magistrate Judge may enter judgment, even with the unanimous consent of the parties. As noted above, the Magistrate Judge here did not purport to enter final judgment. Brown is an Eleventh Circuit decision not binding in the Sixth Circuit. Moreover it was handed down before *Wellness Intl. Network Ltd. v. Sharif*, 575 U.S. ___, 135 S. Ct. 1932, 191 L. Ed. 2d 911 (2015), which broadly recognized the consent authority of bankruptcy and magistrate judges on consent.

As part of his Certificate of Service, Oliver says there is no record of appointment by the President and demands all Freedom of Information Act records that show when Judge Merz and Judge Rice were authorized to prosecute DEA cases. Judge Rice was appointed by President Carter and confirmed by the Senate in June 1980. Magistrate Judges are not appointed by the President, but rather by the District Judges; Magistrate Judge Merz has been serving in that

capacity since November 20, 1984. Neither Judge Rice nor Judge Merz requires any separate authorization to preside in DEA cases beyond their regular judicial appointments.

Mr. Oliver's Second Request for Extension of Time should be DENIED in its entirety.

August 9, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).