# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:15-cr-040

                                        District Judge Walter Herbert Rice
- vs -                                Magistrate Judge Michael R. Merz

SEAN A. OLIVER,

                Defendant.     :

## REPORT AND RECOMMENDATIONS ON INTERVENOR'S POST-JUDGMENT OBJECTIONS

This criminal case is before the Court on post-judgment Objections (ECF No. 49) to the Magistrate Judge's Report and Recommendations of June 29, 2017 (ECF No. 42). The Objections purport to have been filed by Alfred Lee Mauldin, who styles himself as "Intervenor."

Defendant Sean Oliver filed a Motion to Vacate under 28 U.S.C. § 2255 on June 29, 2017 (ECF No. 41). Upon initial review under Rule 4 of the Rules Governing § 2255 Proceedings, the Magistrate Judge recommended the § 2255 Motion be dismissed with prejudice (Report and Recommendations, ECF No. 42). Oliver never filed any objections, although notified of his obligation to do so. Instead he filed a document labeled "Motion for Extension of Time (ECF No. 43), but which in fact gave no good cause for an extension and instead demanded that District Judge Rice and Magistrate Judge Merz produce evidence that they are bonded. *Id.* at

1

PageID 155. The Magistrate Judge denied the Motion because "Oliver is not entitled to that relief," to wit, bonding papers for federal judges.

Because Oliver had filed no objections, Judge Rice adopted the Report, dismissed the § 2255 Motion with prejudice, denied Oliver a certificate of appealability, and certified any appeal would be objectively frivolous (Decision and Entry, ECF No. 45).

Oliver himself then filed a "Second Request for Extension of Time" (ECF No. 46). The Magistrate Judge recommended denial of that Motion, Oliver again filed no objections, and Judge Rice denied the request for extension (ECF No. 48). No appeal has been taken from either of Judge Rice's Orders.

In the instant Objections, Intervenor Mauldin claims the Magistrate Judge should recuse himself because his maximum ten-year appointment under 28 U.S.C. § 451 has expired. Interestingly, Mr. Mauldin has the undersigned's tenure correctly as commencing on November 21, 1984, but has the term of office wrong. The undersigned was appointed to four consecutive eight-year terms and retired during the last of those, then was recalled for seven consecutive one-year terms, the last of which will expire on March 1, 2018. The request to recuse is DENIED.

The Intervenor also demands proof that the undersigned has been appointed by the DEA to prosecute drug cases. No such proof exists; the undersigned has never been authorized by any governmental authority to prosecute any case.

More importantly, Mr. Mauldin has no authority to file anything in this case as he has not been granted permission to intervene and does not represent Mr. Oliver as his attorney.

October 13, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985). **This Notice does not apply to Mr. Mauldin, who is not a party.**