THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> Plaintiff, <br> v. : <br> SEAN OLIVER, <br> Defendant. : | Case No. 3:15-cr-40 <br><br> Judge Walter H. Rice |

ORDER OVERRULING MOTION FOR COMPASSIONATE RELEASE (DOC. #53), MOTION TO RELIEVE COUNSEL (DOC. #55), MOTION FOR COURT TO PROCEED ON *PRO SE* MOTION (DOC. #56), AND MOTION TO COMPEL OF DEFENDANT SEAN OLIVER (DOC. #57) AS MOOT GIVEN DEFENDANT IS NO LONGER INCARCERATED

---

Before the Court are the Motion for Compassionate Release (Doc. #53), Motion to Relieve Court-Appointed Counsel (Doc. #55), Motion for Court to Proceed on *Pro Se* Motion (Doc. #56), and Motion to Compel Government Response and Court Ruling (Doc. #57) of Defendant Sean Oliver.[1] On June 24, 2016, Defendant was sentenced to ninety-six months imprisonment after pleading guilty to two counts from the Indictment. (Judgment, Doc. #37, citing Indictment, Doc. #15). On November 16, 2020, Defendant filed the Motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194. While the Motion was pending, Defendant was

---

[1] The Motion to Relieve, Motion to Proceed, and Motion to Compel all relate to the Motion for Compassionate Release.

released from Bureau of Prisons custody on January 21, 2022.[2] A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984) (citation omitted). A motion for compassionate release seeks relief not from the judgment *in toto*, but from the confinement imposed as part of the judgment. "When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide[,]" *United States v. Sanchez*, No. 16-cr-2077, 2021 WL 5999764, *1 (S.D. Cal. Dec. 17, 2021) (collecting cases), and there is no longer a "live" and redressable issue pending before the Court. *See, e.g.*, *United States v. Hernandez*, 845 F. App'x 921, 921 (11th Cir. 2021) (*per curiam*) ("Completion of a prison term moots a challenge to the term of confinement.").

As Sean Oliver has completed his term of confinement, his Motion for Compassionate Release no longer presents a live case or controversy, and the Court is without jurisdiction to hear it. U.S. CONST. ART. III § 2. Accordingly, the Motion for Compassionate Release (Doc. #53), Motion to Relieve Court-Appointed Counsel (Doc. #55), Motion for Court to Proceed on *Pro Se* Motion (Doc. #56), and Motion to Compel Government Response and Court Ruling (Doc. #57) are OVERRULED AS MOOT.[3]

---

[2] https://www.bop.gov/inmateloc/ (last accessed Aug. 7, 2024).

[3] Also, the Court, having considered the factors for granting compassionate release set forth in *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021), concludes that Defendant would not have been eligible for release while he was incarcerated. Defendant was a danger to the community

2

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 7, 2024

*(signed)* Walter H. Rice
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

at the time of the Motion, specifically due to the violent nature of the drug trafficking and firearm convictions to which Defendant pled guilty. (Doc. #37, PAGEID #98-99); *see, e.g., Tomes*, 990 F.3d at 504 ("[I]t was not an abuse of discretion for the court to find that an armed felon involved in a complex drug distribution scheme might still pose a danger to the public[.]").